# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

| | |
|---|---|
| **No. 24-1050** | **September Term, 2023** |
| | **EPA-89FR16202** |
| | **Filed On:** May 14, 2024 |

Commonwealth of Kentucky, et al.,

      Petitioners

      v.

Environmental Protection Agency and
Michael S. Regan, in his official capacity as
Administrator of the U.S. Environmental
Protection Agency,

      Respondents

------------------------------

Alliance of Nurses for Healthy Environments,
et al.,

      Intervenors

------------------------------

Consolidated with 24-1051, 24-1052,
24-1073, 24-1091

      **BEFORE:**    Wilkins, Childs, and Pan, Circuit Judges

## O R D E R

      Upon consideration of the motion to establish briefing schedule, the opposition thereto, and the reply, it is

      **ORDERED** that the following briefing format and schedule will apply in these consolidated cases:

| | |
|---|---|
| Petitioners' Opening Briefs<br>(not to exceed 19,500 total words,<br>divided between two briefs) | June 6, 2024 |

# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 24-1050**                                                                 **September Term, 2023**

| | |
|---|---|
| Respondents' Brief<br>(not to exceed 19,500 words) | August 19, 2024 |
| Respondent-Intervenors' Briefs<br>(not to exceed 11,700 total words,<br>divided between up to two briefs) | September 9, 2024 |
| Petitioners' Reply Briefs<br>(not to exceed 9,750 total words,<br>divided between two briefs) | September 30, 2024 |
| Deferred Appendix | October 7, 2024 |
| Final Briefs | October 15, 2024 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 24-1050**                                **September Term, 2023**

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. <u>See</u> Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. <u>See</u> D.C. Cir. Rule 28(a)(8).

                                        **<u>Per Curiam</u>**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                 BY:     /s/
                          Selena R. Gancasz
                          Deputy Clerk