ORAL ARGUMENT HELD DECEMBER 16, 2024

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE D.C. CIRCUIT**

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Respondents. | No. 24-1050 |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Respondents. | No. 24-1051 |
| STATE OF TEXAS, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | No. 24-1052 |

| | |
|---|---|
| Respondents. | |
| WARREN PETERSEN, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Respondents. | No. 24-1073 |
| ESSENTIAL MINERALS ASSOCIATION,<br><br>Petitioner,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Respondents. | No. 24-1091 |

**EPA'S MOTION TO HOLD CASE IN ABEYANCE FOR AN ADDITIONAL 30 DAYS**

1. Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") respectfully move for an order continuing to hold this case in abeyance for an additional 30 days to allow new Agency leadership to review the challenged rule and determine appropriate next steps.

Counsel for Respondents has conferred with all parties to this consolidated litigation. Petitioners consent to the requested relief. Respondent-Intervenor health, environmental and community groups oppose the motion and intend to file a response.[1] State and local government Respondent-Intervenors take the position that the legal issues in this case are ripe for decision, and their resolution will not benefit from any agency reconsideration of those issues. However, as a courtesy, state and local government Respondent-Intervenors do not oppose EPA's request for a single further 30-day abeyance. They reserve the right to oppose future requests.

2. Petitioners seek review of an EPA action entitled, "Reconsideration of the National Ambient Air Quality Standards for Particulate Matter," 89 Fed. Reg. 16202 (Mar. 6, 2024).

3. The Court heard oral argument in this case on December 16, 2024.

4. On February 25, 2025, the Court granted EPA's February 18, 2025, motion to hold this case in abeyance to allow new EPA leadership an opportunity to review the challenged rule.

---

[1] These are: Alliance of Nurses for Healthy Environments, American Lung Association, Citizens for Pennsylvania's Future, Environmental Defense Fund, Natural Resources Defense Council, Northeast Ohio Black Health Coalition, Rio Grande International Study Center, and Sierra Club.

5. Upon review, EPA has decided that it will initiate a new notice-and-comment process revisiting the challenged rule. EPA announced that decision in a March 12, 2025, news release posted to EPA's website: https://www.epa.gov/newsreleases/trump-epa-announces-path-forward-national-air-quality-standards-particulate-matter (stating that EPA "is revisiting the Biden PM2.5 National Ambient Air Quality Standards"). EPA continues to review additional steps that it may take.

6. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7. Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to 'adapt their rules and policies to . . . changing circumstances.'") (citation omitted); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in

administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations").

8. Further abeyance would preserve resources of the Court. EPA's revisiting of the rule may obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

WHEREFORE, EPA respectfully requests that the Court issue an order continuing to hold this case in abeyance for an additional 30 days with motions to govern due at the end of that period.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

/s/ *Sarah Izfar*
SARAH IZFAR
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611

*Of Counsel:*
MELINA WILLIAMS
Office of the General Counsel
U.S. Environmental Protection Agency
Washington, D.C.

Washington, D.C. 20044
(202) 305-0490
Sarah.izfar@usdoj.gov

April 28, 2025

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 642 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Sarah Izfar*
SARAH IZFAR

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, I electronically filed the foregoing motion by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Sarah Izfar*
SARAH IZFAR