ORAL ARGUMENT HELD ON DECEMBER 16, 2024

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, ET AL.,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,<br><br>*Respondents*. | Case No. 24-1050 and consolidated cases |

**EPA'S MOTION TO EXTEND ABEYANCE FOR AN ADDITIONAL 30 DAYS**

1. Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") respectfully move for an order continuing to hold this case in abeyance for an additional 30 days to allow new Agency leadership to review the challenged rule and determine appropriate next steps. Petitioners do not oppose the requested relief. Respondent-Intervenor health, environmental and community groups oppose the motion and represent that they intend to file a response. State and local government Respondent-Intervenors also oppose the motion, except for the Commonwealth of Pennsylvania, who takes no position.

2. Petitioners seek review of an EPA action entitled, "Reconsideration of

1

the National Ambient Air Quality Standards for Particulate Matter," 89 Fed. Reg. 16202 (Mar. 6, 2024).

3. The Court heard oral argument in this case on December 16, 2024.

4. On February 25, 2025, the Court granted EPA's February 18, 2025, motion to hold this case in abeyance to allow new EPA leadership an opportunity to review the challenged rule. ECF No. 2102525. On May 23, 2025, the Court granted EPA's April 29, 2025, motion to hold this case in abeyance for an additional 30 days, with motions to govern due June 23, 2025. ECF No. 2117307.

5. An abeyance is needed because EPA is still deliberating about appropriate next steps that it may take.

6. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7. Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to 'adapt their rules and policies to . . . changing circumstances.'") (citation

omitted); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations").

8. Further abeyance would preserve resources of the Court. EPA's revisiting of the rule may obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

WHEREFORE, EPA respectfully requests that the Court issue an order continuing to hold this case in abeyance for an additional 30 days with motions to govern due at the end of that period.

Dated: June 23, 2025.

Respectfully submitted,

/s/ *Sarah Izfar*
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
SARAH IZFAR
ZOE PALENIK
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 558 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Sarah Izfar*
SARAH IZFAR

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, I electronically filed the foregoing motion by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Sarah Izfar*
SARAH IZFAR
